The **BURGER BREWING COMPANY,**
**Appellant,**

v.

**W. D. SUMMER and W. D. Summer, Jr.,**
**d/b/a Summer Beverage Company, Appellees.**

**No. 7691.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 15, 1958.

Decided Nov. 28, 1958.

Frank K. Sloan and William A. Dallis, Columbia, S. C. (Cooper & Gary, Columbia, S. C., on brief), for appellant.

Augustus T. Graydon, Columbia, S. C. (C. T. Graydon, Columbia, S. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, and BARKSDALE and BRYAN, District Judges.

ALBERT V. BRYAN, District Judge.

Our conclusion is that the appellant's oral arrangement with the appellees to distribute its beer constituted such a contract of agency as in law was cancelable by the appellant without previous notice. Hence, the damage award against the appellant for terminating the arrangement without notice cannot stand.

For several years before June 1954 Summer Beverage Company had carried on a wholesale beer distributing business in central South Carolina. This firm was asked by The Burger Brewing Company in June to become its distributor also. Summer hesitated because, the partners allege, they feared, and so advised Burger, that Burger might abruptly abrogate the arrangement and thereby erase their interim expenditures for development of the distributorship.

To dispel their concern, the appellees testify, the appellant assured them it did not "do business that way" and "you will be given ample notice". This the appellant denied. At all events, Summer on July 1, 1954 accepted the distributorship. Burger terminated it in October 1955, without cause and without prior notice. Thereupon Summer sued Burger for breach of the agency agreement.

Judgment for damages went for the plaintiffs and is the target of this appeal. The trial court was of the opinion that the agreement could not be dissolved without warning. Particularly, on whether Burger promised Summer reasonable notice of any proposed termination—the sole controversial factual issue in the case—the Court found against Burger.

■ The Summer partners purposefully made what in law constituted a contract of agency. In law, too, no matter its denomination—as sales agency, employment agreement or distributorship—it was an agency implicitly abrogable by either party at will without notice. As this agreement is shaped by the undenied and undeniable facts and manifested by the conduct of the parties, we think it clear that the finding that the parties super-added a stipulation for notice is not sustainable.

■ It is doctrine in South Carolina that an agency of no fixed duration may be ended by the principal at any time, without cause and without previous notice unless the agent has devoted to the achievement of the aims of the agency a substantial consideration beyond his services. Otherwise in the latter circumstances the agent might suffer the loss of a consideration obviously invested on the assumption, plainly warranted, of the agency's continuance for such time as would presumably repay the outlay. But this reason does not obtain when the contribution of the agent is nothing appreciably above his services. Jack's Cookie Company v. Brooks, 4 Cir., 1955, S.C. 227 F.2d 935, 939, with Soper, J. adeptly distinguishing the two agencies, with thorough and pat citation of authority.

■ The instant agency is disclosed by the evidence to be predominantly one of services. In refutation, Summer adverts to the following as their advancements to the engagement: (1) an extra sales manager hired by Summer; (2) an additional truck added to the Summer fleet; (3) the trucks painted; (4) other stock reduced to make room for the Burger beer in the warehouse; (5) adequate inventory of Burger products maintained; (6) "promotional emphasis" shifted from other labels to Burger beer; and (7) solicitation of retailers to change to Burger's.

These claims need explanation. The sales manager employed by Summer was only a successor, not an additional employee; Burger weekly supplemented the salary of Summer's sales manager for many months; and Burger paid for all truck painting. Then, too, the truck ac-

quired by Summer during the contract period carried the products of all the manufacturers for whom Summer distributed. Save for the promotional emphasis, the other considerations listed by Summer consist of personal services, those generally inherent in such an agency.

Promotional emphasis was entirely Burger's obligation. The unreimbursed sum expended by Summer for advertising during the eighteen months of the agreement was insignificant. Every sign which Summer erected, Burger paid for. More, Burger spent in this period for advertising, promotion and sales in Summer's territory in excess of $30,000.

Against the severity of a termination without notice, it must be remembered that Summer was free to act as distributor for other makes of beer. Indeed, they were actively selling for several others while they were Burger's representative. On the other hand, Burger was bound to the exclusiveness of Summer's distributorship. Summer was under no obligation to buy "any certain quantity of beer"; they could order some or none, as they chose. They could, at their option and with impunity, have "neglected" Burger beer and favored their other lines, just as they in fact did, according to Summer, with the other lines in order to promote Burger.

Summer could have protected themselves measurably against a sudden termination by carrying a larger Burger stock. Although it would have called for a greater temporary advance, it would have helped to bridge any possible recession of business between termination of the Burger representation and its replacement with another brand. The probable success of such prevision is indicated by Burger's repurchase at retail prices, upon cancellation of the agreement, of all Burger beer remaining on Summer's hands.

Throughout the existence of the agreement, as we have noted, Burger fairly assumed the financial responsibility imposed upon a principal in an agency discontinuable without notice. At the same time comparative freedom from expense, financial investment and risk of loss has been enjoyed by the plaintiff as the attribute of an agent for services only. Accepting these benefits, Summer would now press upon the appellant an altogether different agency, the burdens of which Summer has never taken upon themselves.

The judgment on review must be reversed, with remand of the action for dismissal.

Reversed and remanded with directions.